UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:  MARY D. FULLER

                                    Case Number:25-02060 JTG
                                    Chapter 7

Debtor.                             Judge John T. Gregg

_____/

MARY D. FULLER,

                                    Adv. Pro. No.

          Plaintiff,

v.

NATIONAL DEBT RELIEF, LLC,

          Defendant.
_____

## ADVERSARY COMPLAINT TO AVOID TRANSFER

Pursuant to 11 U.S.C. § 548(a), Michigan's Debt Management Act ("DMA") and

Credit Services Protection Act ("CSPA"), the Plaintiff-Debtor states the following in

support of this Adversary Complaint against National Debt Relief, LLC ("NDR"), to

avoid a fraudulent transfer and recover property:

## JURISDICTION AND VENUE

1.  This adversary proceeding arises out of, and is related to, the above-captioned

    bankruptcy cases pending in the United States Bankruptcy Court for the Eastern

    District of Michigan.  Fed. R. Bankr. P. 7008(a).

2.  Jurisdiction is proper under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

3.  Venue is proper under 28 U.S.C. § 1409(a).

4.  This adversary proceeding constitutes a core proceeding as the Plaintiff's claims and/or substantive rights in this matter do not exist outside of federal bankruptcy law, pursuant to 28 U.S.C. § 157 and *In re Wolverine Radio Co.,* 930 F.2d 1132, 144 (6th Cir. 1991).

## PARTIES

5.  The Plaintiff fully incorporates paragraphs 1 – 4.

6.  The Plaintiff is the sole debtor in the above-captioned Chapter 7 bankruptcy case filed on July 19, 2025.

7.  Upon information and belief, NDR is a foreign limited liability company headquartered in New York that provided debt consolidation services to consumers.

## FACTUAL ALLEGATIONS

8.  The Plaintiff fully incorporates paragraphs 1 – 7.

9.  The pertinent facts are generally undisputed.

10. In approximately July of 2024, the Plaintiff entered into an agreement with NDR under which NDR would communicate and settle the Plaintiff's debts with third-party creditors.

11. Between July 27, 2024 and June 26, 2025, the Plaintiff paid NDR an approximate total of $3,002.35 to settle the Plaintiff's debts with third-party creditors.

12. NDR is not licensed under Michigan law.

13. NDR did not perform all services under the underlying contract within 90 days.

14. The Plaintiff received no benefit from paying NDR.

15. On December 5, 2025 the Plaintiff issued a demand letter to NDR by both mail and email, but did not receive a response aside from a confirmation email confirming the demand email was received.  (Attached hereto as Exhibit 1 is a copy of the demand letter); (attached hereto as Exhibit 2 is a copy of the emailed response received from NDR).

16. As a result, Plaintiff filed this adversary proceeding to avoid the payments to NDR as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 522(h) while also seeking relief under the DMA and CSPA.

## COUNT I: AVOIDANCE OF FRAUDULENT TRANSFER

17. The Plaintiff fully incorporates paragraphs 1 – 16.

18. The payments to NDR as set forth above, constitutes a transfer of property of the Plaintiff to or for the benefit of NDR and third party creditors of the Plaintiff for services provided.

19. The transfer was made for less than reasonable value at the time of the transfer.

20. The Plaintiff was presumptively and actually insolvent at the time of and/or as a result of the transfer in that the amount of Plaintiff's debts are greater than the value of the Plaintiff's non-exempt assets.

21. The transfer was made within 2 years of the Petition Date.

22. By virtue of the transfer, the Debtor received less than reasonably equivalent value in exchange for the transfer as no benefit has been received.

23. The transfer constitutes a fraudulent transfer pursuant to 11 U.S.C. § 548(a).

24. The Chapter 7 Trustee has not attempted to avoid the transfer.

25. The Plaintiff may avoid the transfer because the transfer is avoidable by the Chapter 7 Trustee and the Chapter 7 Trustee has not attempted to avoid the transfer, pursuant to 11 U.S.C. § 522(h).

## COUNT II: RECOVERY OF FRAUDULENT TRANSFER

26. The Plaintiff fully incorporates paragraphs 1 – 25.

27. NDR was the initial transferee of the transfer, or the immediate or mediate transferees or the persons for whose benefit the transfer was made.

28. The Plaintiff may recover the Property the same as if the Chapter 7 Trustee had avoided the transfer, and may exempt the transfer so recovered, pursuant to 11 U.S.C. § 522(i).

29. Unless otherwise determined after a trial, the Plaintiff is entitled to recover the Property from NDR, and the Court can compel NDR to take all steps necessary to restore payments to the Plaintiff, pursuant to 11 U.S.C. § 550(a).

## COUNT III: CLAIM DISALLOWANCE

30. The Plaintiff fully incorporates paragraphs 1 – 29.

31. NDR was the initial transferee of the transfer, or the immediate or mediate transferees of such initial transferee, or the person for whose benefit the transfer was made.

32. Any claims of NDR against the Plaintiff must be disallowed until such time as NDR returns payments to the Plaintiff, pursuant to 11 U.S.C. § 502(d).

## COUNT IV: DEBT MANAGEMENT ACT

33. The Plaintiff fully incorporates paragraphs 1 – 32.

34. Under the DMA, any entity engaged in the business of debt management renders a financial planning service and must obtain a state license.  MCL 451.414.

35. Additionally, a licensee may only charge an initial fee of $50.00.  MCL 451.423.

36. Also, the fees charged shall not exceed 15% of the amount of the debt to be liquidated.  MCL 451.428.

37. NDR is not licensed in Michigan.

38. NDR charged more than an initial fee of $50.00.

39. The fees charged by NDR exceed 15% of the amount of debt to be liquidated.

## COUNT V: CREDIT SERVICES PROTECTION ACT

40. The Plaintiff fully incorporates paragraphs 1 – 39.

41. Under the CSPA, a credit services organization must fully perform the agreed service within 90 days.  MCL 445.1823(f).

42. A person who purchases the services of a credit services organization may recover actual damages of an amount not less than the amount paid, plus reasonable attorney fees and court costs for a violation of the CSPA.  MCL 445.1824(1)(c).

43. NDR did not fully perform the agreed service within 90 days.

44. As a result, Plaintiff may recover actual damages of an amount not less than the amount paid, plus reasonable attorney fees and court costs for a violation of the CSPA.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment for the Plaintiff and against NDR for the following:

A.  Set aside the transfer of payment pursuant to 11 U.S.C. § 548(a).

B.  Recover the payment on behalf of the bankruptcy estate, pursuant to 11 U.S.C. §§ 550 and 551.

C.  Award the Debtor approximately $3,002.35 in money damages for surplus and loss of equity.

D.  Award the Debtor reasonable attorney fees and costs for bringing this action, pursuant to the DMA and CSPA.

E.  Any further relief deemed equitable and just.

Respectfully submitted,

ACCLAIM LEGAL SERVICES, PLLC

Dated: January 7, 2026

/s/ Michael T. Brown
Christopher W. Jones (P67955)
Michael T. Brown (P71385)
Attorneys for Plaintiff-Debtor
8900 E. 13 Mile Road
Warren, MI 48093
(248) 443-7033
filing@acclaimlegalservices.com